OPINION
Defendant-appellant Edward C. Kehres ("father") appeals the November 29, 2000 Judgment Entry/Ruling on Objections entered by the Fairfield County Court of Common Pleas, Domestic Relations Division, overruling father's objections to the October 30, 2000 Magistrate's Decision, and approving and adopting the recommendations of the magistrate as the order of the court. Plaintiff-appellee is Rebecca A. Kehres ("mother").
 STATEMENT OF THE FACTS AND CASE
Father and mother were married in Woodsfield, Ohio, on October 22, 1983. Two children were born as issue of said union, to wit: Elise (DOB 1/30/86), and Blake (DOB 5/31/90). Father and mother were divorced via Judgment Entry/Decree of Divorce filed March 7, 1995. The parties reached an agreement relative to the allocation of parental rights and responsibilities, including companionship, child support, medical expenses and insurance, dependency allowance, and life insurance. The separation agreement as well as a shared parenting plan were incorporated into the parties' decree of divorce. Pursuant to the separation agreement, father was required to pay mother $650/month, plus poundage, as child support. The child support amount represented a deviation from the amount of child support computed according to the child support guidelines set forth in R.C. 3113.215(E). Based upon the guidelines, father's child support obligation would have been $1,008.37/ month. The parties agreed it would not be in best interests of the children to order father to pay such an amount. The parties specifically agreed the deviation was warranted because of the amount of time the children would be spending with father, and the fact mother was taking Blake as a dependency allowance for income tax purposes. In July, 2000, the Fairfield County Child Support Enforcement Agency notified the parties of an Administrative Adjustment Review, which recommended child support payment by wage assignment in the amount of $325/month/child. Father sought an Administrative Adjustment Hearing, which was conducted on August 1, 2000. The hearing examiner recommended a modification, adjusting father's child support obligation to 357.87/month/child by wage assignment. Thereafter, father sought review by the Fairfield County Court of Common Pleas, Domestic Relations Division. The matter came on for hearing before the magistrate on September 7, 2000. The magistrate determined father should continue to pay 64% of the guideline amount as the two factors warranting the original deviation remained the same. The magistrate found a change of circumstances had occurred which required recalculation of father's child support obligation. Upon recalculation with the parties' new gross income figures, the magistrate recommended father pay $208.68/month/child. The magistrate issued his decision on October 30, 2000. Father objected to the magistrate's use of the "sole custody with deviations" method for calculating his child support obligation. Via Judgment Entry/Ruling on Objections, the trial court approved and adopted the magistrate's decision. It is from this judgment entry father appeals, raising the following assignments of error:
 I. THE TRIAL COURT ERRED WHEN IT CONCLUDED THAT THE APPELLEE-MOTHER WAS NOT REQUIRED TO PAY HER ACTUAL ANNUAL CHILD SUPPORT OBLIGATION STATED ON LINE 24 OF THE CHILD SUPPORT WORKSHEET.
 II. THE TRIAL COURT ERRED WHEN IT CONCLUDED THAT IT SHOULD USE THE "SOLE CUSTODY CALCULATIONS WITH DEVIATION" METHOD.
 I, II
Because father's assignments of error are interrelated, we shall address said assignments together. In his first assignment of error, father maintains the trial court erred in concluding mother was not required to pay her annual child support obligation as calculated by the guidelines. In his second assignment of error, father contends the trial court erred in utilizing the "sole custody calculation with deviations" method to determine his child support obligation. The appropriate standard of review in matters concerning child support is abuse of discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. In French v. Burkhart, this Court reviewed the propriety of the trial court's use of the "sole custody calculation with deviations" method for determining a father's child support obligation in a shared parenting arrangement rather than an automatic offset formula as espoused by the First District in Weinberger v. Weinberger. We held the "trial court maintains discretion whether to accommodate the best interests of the children under shared parenting plans by applying either a Weinberger-type offset formula, or calculating a guideline order using the `sole custody calculation with deviations' method." An appellate court's review of the chosen method would remain subject to an abuse of discretion standard. In response to the father-appellant's argument the "sole custody calculation with deviations" method creates an improper windfall to the party designated the residential parent by the trial court, this Court noted, "any court order deviating from the applicable worksheet and the basic child support schedule must be entered by the court in its journal, and must include findings of fact to support such determination." This Court continued, "It follows that the trial court must likewise state specific facts in support of any decision to initially designate a non-residential, i.e., `obligator' parent for the completion of the child support worksheet in shared parenting cases, when using a `sole custody calculation with deviation' method." In the instant action, the trial court chose the "sole custody calculation with deviations" method. We find no impropriety per se in the method chosen by the trial court in calculating support in light of French. The trial court's sole stated reason for choosing this method was the parties' agreement to such method at the time of their original separation agreement in March, 1995. The magistrate specifically found father and mother spent equal time with the children, and mother claimed one of the children for income tax purposes while father claimed the other child. We find these factors mitigate against unilateral deviation. The record further reveals the financial circumstances of the parties had changed inversely since the original decree. Given the magistrate's findings and the parties' change of circumstances, we find the trial court's calculation of child support when using the "sole custody calculation with deviations" method to have been unreasonable. Father's assignments of error are sustained. The judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division, is reversed and the matter remanded for further proceedings in accordance with law and this opinion. By: Hoffman, J. Boggins, J. concur Gwin, P.J. concurs separately